IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ERVIN LAMONTE HOLLOMAN,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:23-cv-00472** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **VIRGINIA DEPARTMENT OF** | ) | **Chief United States District Judge** |
| **CORRECTIONS,** <u>et</u> <u>al.</u>, | ) | |
| **Defendants.** | ) | |

### <u>MEMORANDUM OPINION</u>

Plaintiff Ervin Lamonte Holloman, a Virginia inmate proceeding <u>pro</u> <u>se</u>, filed this civil

action under 42 U.S.C. § 1983 against the Virginia Department of Corrections ("VDOC") and

the Commonwealth of Virginia. Holloman complains of events that allegedly occurred at

various VDOC facilities between 2016 and July 2023. Prior to filing this action, Holloman

filed at least three actions that were dismissed for failure to state a claim upon which relief may

be granted.[1] Therefore, under the three-strikes provision of the Prison Litigation Reform Act,

Holloman may not proceed with this action unless he either prepays the entire filing fee or

shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of § 1915(g) "requires that the 'imminent danger' exist

contemporaneously when the action is filed." <u>Hall v. United States</u>, 44 F.4th 218, 224 (4th Cir.

2022). Thus, to trigger the exception to the three-strikes provision, an inmate must "allege[]

---

[1] <u>See</u> <u>Holloman v. Va. Dep't of Corr.</u>, No. 7:22-cv-00478 (W.D. Va. Dec. 5, 2022); <u>Holloman v. Va.</u>
<u>Dept of Corr.</u>, No. 7:22-cv-00674 (W.D. Va. Feb. 17, 2023); <u>Holloman v. Va. Dep't of Corr.</u>, No. 7:23-cv-
00117 (W.D. Va. Apr. 11, 2023).

sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Id. Although "past danger or past threats of danger may be considered in evaluating whether the danger is imminent at the time of filing[,] . . . past allegations of danger or threats of harm on their own are insufficient to satisfy the exception." Id. (emphasis in original). This is because "the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Holloman's complaint does not contain any allegations that would support a finding that he is in imminent danger of serious physical injury. Although he alleges that an unspecified VDOC policy "inflicted personal injuries, emotional distress, [and] mental anguish" during his term of incarceration, ECF No. 1 at 2, his vague and conclusory allegations are insufficient to satisfy the imminent-danger exception. See Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) ("Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'") (quoting Martin, 319 F.3d at 1050). Moreover, the majority of the pleading complains of events that allegedly occurred in the past at various correctional facilities operated by the VDOC. Holloman does not allege facts sufficient to establish that he faces an imminent risk of serious physical injury at his current place of confinement.

Because Holloman has not prepaid the filing fee or demonstrated that he "is under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g).[2] An appropriate order will be entered.

Entered: December 20, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.12.20 17:45:20
-05'00'

Michael F. Urbanski
Chief United States District Judge

---

[2] Even if Holloman had satisfied the requirements of § 1915(g), his federal civil rights complaint would be subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim against the named defendants. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks and citation omitted). Holloman has been advised on multiple occasions that neither the Commonwealth of Virginia nor the VDOC is a "person" subject to liability under the statute. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency is "not a 'person' within the meaning of the statute").